IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS EARL MAYES, | § | |
| #48738-177, | § | |
| Movant, | § | |
| | § | CIVIL NO. 3:16-CV-1848-K |
| v. | § | (CRIMINAL NO. 3:14-CR-371-K-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Movant Demarcus Earl Mayes ("Mayes") filed a *pro se* motion to vacate, set

aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 1).  As detailed herein, Mayes's

motion to vacate sentence is **DENIED** with prejudice.

## I.      BACKGROUND

On January 13, 2015, Mayes pled guilty under a plea agreement to a two-count

indictment charging him with one count of felon in possession of a firearm, in violation

of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possession with intent to

distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

*See* Crim. Docs. 1, 18, 21.

For purposes of sentencing, the United States Probation Office ("USPO")

prepared a presentence investigation report ("PSR") applying the 2014 United States

Sentencing Guidelines Manual. *See* Crim. Doc. 28-1 at ¶ 23. After applying U.S.S.G. §

2K2.1, the applicable guideline for 18 U.S.C. §§ 922(g)(1) and 924(a)(2) offenses, the

PSR calculated a base offense level of 20 because Mayes's prior 2008 state conviction

for assault causing bodily injury with a prior conviction, enhanced, was a crime of violence as defined in U.S.S.G. § 4B1.2(a). *See id.* at ¶¶ 27, 50; U.S.S.G. § 2K2.1, cmt. n.1 (stating that "[c]rime of violence" under § 2K2.1 "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2."). Eight levels were added based on specific offense characteristics, and three levels were deducted for acceptance of responsibility, resulting in a total offense level of 25. *See id.* at ¶¶ 28-29, 35-37. Based on a total offense level of 25 and a criminal history category of V, the guideline range of imprisonment for Mayes was 100 to 125 months. *See id.* at ¶ 95. No objections to the PSR were filed.

By judgment dated April 30, 2015, Mayes was sentenced to concurrent terms of 91 months' imprisonment on each count, to run concurrently with the sentence imposed in a state criminal case, and to be followed by an aggregate three-year term of supervised release. *See* Crim. Doc. 32 at 1-3. His appeal was dismissed as frivolous by the Fifth Circuit on February 17, 2016. *See* Crim. Docs. 45-46.

Mayes timely filed this Section 2255 motion on June 28, 2016, relying on the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591 (2015), and arguing that his § 922(g)(1) conviction was unconstitutional because his prior convictions did not qualify as predicate crimes of violence for purposes of § 922(g)(1). *See* Doc. 1 at 7. Following a stay and administrative closure of the case, the Government filed a response on April 12, 2021. *See* Docs. 5, 9-10. Mayes did not file a reply. On May 20, 2021, Mayes was released from the custody of the Bureau of Prisons ("BOP") to begin

serving his term of supervised release. *See* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited Jan. 4, 2024).

## II.    SCOPE OF RELIEF UNDER SECTION 2255

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

Although Mayes was released from BOP custody while his motion was pending, the "in custody" determination under Section 2255 is made at the time the habeas motion is filed. *See Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000). Mayes's term of supervised release also satisfies the "in custody" requirement under Section 2255, despite his release. *See id.*

## III.    *JOHNSON* CLAIM

In his only ground for relief, Mayes contends that his "conviction under 18 U.S.C. § 922(g)(1) violates his constitutional due process rights and must be vacated."

Doc. 1 at 7. He argues, "In light of [*Johnson*,] neither of the petitioner's prior convictions qualifies as predicates [sic] within 18 U.S.C. § 922(g)(1) as such is based on the unconstitutionally vague residual clause under the state of Texas [sic] for each prior convictions [sic]." *Id.* The Government argues that the claim is procedurally defaulted, barred by the waiver provision in Mayes's plea agreement, and without merit. *See* Doc. 9 at 3-5.

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA"),]" which defined a prior "violent felony" to include offenses "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague and violated the Constitution's guarantee of due process. *Johnson*, 576 U.S. at 606; 18 U.S.C. § 924(e)(2)(B)(ii). Here, Mayes procedurally defaulted his *Johnson* claim when he could have, but did not, raise it on direct appeal. When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *See United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *Shaid*, 937 F.2d at 232.

In the spaces provided to explain why he did not previously present his claim, Mayes stated that "there was no case law to support relief." Doc. 1 at 8. Although a movant may show cause when a constitutional claim "is so novel that its legal basis is not reasonably available to counsel" at the time of direct appeal, Mayes fails to make

such a showing. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)); *see also United States v. Vargas-Soto*, 35 F.4th 979, 994 (5th Cir. 2022) ("a claim is not 'novel' where a prisoner could (or where other prisoners did in fact) raise it at time X."). When judgment was entered in this Court, the Supreme Court had granted certiorari in *Johnson* more than a year prior, and it had heard two rounds of oral arguments in the case. The decision in *Johnson* was issued on June 26, 2015, almost eight months before Mayes's direct appeal was dismissed as frivolous in February 2016. Mayes has alleged no facts or evidence demonstrating that the legal basis for his *Johnson* claim was not reasonably available during his proceedings in this Court or on appeal. *See Vargas-Soto*, 35 F.4th at 994 (citing cases). For this reason, Mayes fails to demonstrate cause or prejudice, and he has not alleged or established actual innocence. His claim is procedurally defaulted and barred from consideration in this habeas case.

Even if Mayes did not procedurally default his *Johnson* claim, and assuming for purposes of this motion only that the claim is not barred by his plea agreement waiver, it fails on the merits. The record shows that Mayes was not sentenced under ACCA; rather, his base offense level was calculated at 20 under U.S.S.G. § 2K2.1 because he had one prior "crime of violence" as defined in U.S.S.G. § 4B1.2(a). *See* Crim. Doc. 28-1 at ¶¶ 27, 34. Because he was not sentenced under ACCA, *Johnson*'s holding is inapplicable to him. Further, to the extent he seeks to extend *Johnson* to challenge the application of the residual clause definition set forth in U.S.S.G. § 4B1.2(a) in

calculating his guideline sentence, his claim is foreclosed because "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

Accordingly, Mayes is not entitled to relief under Section 2255 on his claim, and the claim is denied.

## IV.   EVIDENTIARY HEARING

To the extent Mayes seeks an evidentiary hearing on his claim, no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1011 n.2 (5th Cir. 1983).

Here, Mayes has failed to come forward with independent indicia in support of the likely merit of his claim.  *See Reed*, 719 F.3d at 373.  He has therefore failed to demonstrate he is entitled to an evidentiary hearing.

## V.    CONCLUSION

For the aforementioned reasons, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DENIED with prejudice.

SO ORDERED.

Signed January 10th, 2024.


_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE